People v Randolph (2023 NY Slip Op 05474)

People v Randolph

2023 NY Slip Op 05474

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Ind Nos. 3466/17, 3466/17 Appeal No. 942-942A Case No. 2019-04570, 2019-2028 

[*1]The People of the State of New York, Respondent,
v
Elijah Randolph, Also Known as Elijah Randolf, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgments, Supreme Court, New York County (James M. Burke, J. at trial and sentence; Kevin B. McGrath, J. at plea), both rendered December 19, 2018, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and upon his plea of guilty, of robbery in the third degree, and sentencing him to an aggregate term of 4 to 12 years, unanimously affirmed.
The trial court erred in curtailing defendant's cross-examination of a detective about two prior judicial findings that he had offered incredible testimony (see People v Rouse, 34 NY3d 269, 280 [2016]). That error, however, was harmless beyond a reasonable doubt (see Chapman v California, 386 US 18, 24 [1967]; People v Crimmins, 36 NY2d 230, 241 [1975]).
Defendant failed to preserve his constitutional claim that the introduction of incriminating statements that he made and of photos taken of him while he was arrested on an unrelated matter denied him due process, and we decline to review it in the interest of justice (See People v Kello, 96 NY2d 740, 743 [2001]). As to his preserved claims, the trial court providently exercised its discretion in permitting testimony about defendant's admissions and the introduction of photos that displayed him in the same clothing as what he wore on video surveillance footage when he robbed the victim (see People v Frumusa, 29 NY3d 364, 369 [2017]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023